IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **RUSTY CHRISTIAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-3448-CV-S-RED-SSA |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Plaintiff Rusty M. Christian seeks judicial review of the Commissioner's denial of his application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416 and 423 and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382(a)(3)(A). Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to sections 405(g) and 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth her findings and as such will not be repeated herein in its entirety except to the extent necessary to address

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Discussion

Plaintiff alleges four points of error with the ALJ's finding of no disability. Plaintiff first argues that the ALJ improperly discredited the opinions of Plaintiff's treating physicians. Second, that the ALJ erred by failing to find that the claimant either met or equaled Listing 12.04 for major depression or Listing 12.02 for organic mental disorder. Third, that the ALJ erred by improperly crediting the vocational expert's testimony in finding that Plaintiff could return to his past relevant work in violation of Plaintiff's Residual Functioning Capacity ("RFC") determination. Finally, that the ALJ failed to properly derive Plaintiff's RFC. The Court will consider each of these arguments

separately below.

## A. Weight Afforded Treating Physicians

Plaintiff first argues that the ALJ erred by improperly discounting the medical opinions of Plaintiff's treating physicians Dr. Halfaker, Dr. Thies, and Dr. Paff. Plaintiff argues that the opinions are entitled to controlling weight because they are supported by the medical evidence of record and that the ALJ did not set forth any evidence contradicting their opinions; rather she only stated that the opinions were not supported by the record.

Normally, a treating physician's opinion concerning a Plaintiffs's claimed limitations is entitled to substantial weight. *See Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004). However, the ALJ is warranted in discrediting a treating physician's opinion that is inconsistent with, or contradicted by, other substantial evidence in the record. *Id.*; *see also Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

Here, the ALJ could have been more detailed in setting forth her reasons for discounting the opinions of Dr. Halfaker, Dr. Thies, and Dr. Paff. However, an arguable deficiency in opinion writing technique is not enough to set aside the opinion of an ALJ when the opinion is supported by substantial evidence. *Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir. 1996). This is particularly true when the objective medical evidence does not support Plaintiff's claims of totally disabling symptomatology. With respect to the opinion of Dr. Halfaker, Dr. Halfaker's notes from Plaintiff's last appointment on May 18, 2004 indicate that Plaintiff's condition was "improved and stable." Furthermore, nothing in Dr. Halfaker's previous visits with Plaintiff indicate the moderate to marked limitations reported by Dr. Halfaker in his Medical Source Statement - Mental completed on July

-4-

22, 2004.[2]

With respect to the opinion of Dr. Paff, the ALJ noted that Dr. Paff observed that Plaintiff walked normally with a full range of motion in his cervical and lumbar spine regions, findings which were inconsistent with several limitations included by Dr. Paff in his Medical Source Statement - Physical. Additionally, with respect to Dr. Paff's opinion as to Plaintiff's alleged mental disabilities, the ALJ noted that Dr. Paff was neither a psychiatrist or psychologist and that his opinion in this regard appeared to based solely on the subjective complaints of Plaintiff and his grandmother. *See Woolf v. Shalala,* 3 F.3d 1210, 1214 (8th Cir. 1993) (ALJ may discredit the opinion of a physician when it based on claimant's subjective complaints and not supported by other findings).

Finally, the ALJ discredited the limitations set forth by Dr. Thies in his Medical Source Statement - Physical. Dr. Thies indicated several restrictions and limitations in his Medical Source Statement, even though he only treated Plaintiff on two occasions and had diagnosed Plaintiff with only a back strain/sprain.

In short, the ALJ did not find that the medical opinions of Dr. Halfaker, Dr. Paff, and Dr. Thies were entitled to substantial weight because their opinions were inconsistent with Plaintiff's treatment records. Since inconsistency with the medical treatment records alone is sufficient to discount the opinions of treating physicians, the ALJ did not err in discounting the opinions of Dr. Halfaker, Dr. Paff and Dr. Thies. *Goff v. Barnhart,* 421 F.3d 790, 791 (8th Cir. 2005).

---

[2]The Court also finds it persuasive that Plaintiff missed four scheduled appointments with Dr. Halfaker between the May 18, 2004 meeting and the completion of the Medical Source Statement-Mental on July 22, 2004. While this factor may not specifically discredit Dr. Halfaker's opinion, failure to follow a recommended course of treatment may undermine a Plaintiff's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

*B. Listing 12.04 and 12.02*

Plaintiff next argues that the ALJ erred by failing to find that claimant either met or equaled Listing 12.04 for major depression or Listing 12.02 for organic mental disorder. In order for Plaintiff to show that his impairment matches a Listing**,** the impairment must meet all specified medical criteria. *See Marciniak v. Shalala,* 49 F.3d 1350, 1353 (8th Cir. 1995). To meet the requirements of Listing 12.02 or 12.04, which provide for evaluations of organic mental disorders and affective disorders, an individual's limitations must result in at least two of the following: marked restriction of activities of daily living; marked difficulties maintaining social functioning; marked difficulties maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.02B and 12.04B. The burden of proof is on the Plaintiff to establish that his or her impairment meets or equals a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).

Here, the ALJ noted that Plaintiff suffered from major depressive disorder and cognitive disorder, which the ALJ included among Plaintiff's severe impairments. The ALJ further found that Plaintiff had slight restrictions of his daily living activities, slight limitation in social functioning, moderate limitation in the ability to maintain concentration, persistence or pace, and no evidence of episodes of decompensation of an extended duration. By the ALJ's analysis, Plaintiff would not have met the Listing of 12.02 or 12.04. Plaintiff's primary argument on this point is that had the ALJ properly considered the opinion of Dr. Halfaker, Dr. Paff and other evidence of record, Plaintiff would have meet the listing requirements of 12.02 or 12.04. However, as discussed in subpart "A," *supra*, the ALJ properly discounted the opinions of Dr. Halfaker and Dr. Paff. Accordingly, because the ALJ was not required to consider the opinions of Dr. Halfaker and Dr. Paff in evaluating

Plaintiff's limitations under listing 12.02 and 12.04 and because the ALJ's decision on this point is supported by substantial evidence in the record as whole, Plaintiff is not entitled to relief on this point.

### C. Vocational Expert Testimony

Plaintiff's third ground for relief is that the ALJ erred by crediting the Vocational Expert's ("VE") testimony that the Plaintiff could return to his past work as a cook's helper and a dining room attendant in violation of Plaintiff's Residual Functioning Capacity ("RFC") determination, which required that there be no overhead reaching. Specifically, the ALJ determined that Plaintiff was "unable to perform overhead reaching with the upper extremities bilaterally due to a need to avoid falling items." (Tr. 27) According to Plaintiff's, the ALJ failed to comply with SSR 00-4p, 65 Fed. Reg. 75,759 (Dec. 4, 2000), inasmuch as the Dictionary of Occupational Titles ("DOT") listings for cook's helper and dining room attendant both require frequent reaching–including overhead reaching–which was prohibited by the ALJ's hypothetical posed to the VE. Nevertheless, the VE determined that Plaintiff could return to his past work despite this limitation. When questioned by the ALJ about this apparent discrepancy, the VE testified that her opinion was based on her professional experience. The ALJ found the VE to be qualified and credible and concluded that Plaintiff could perform his past relevant work as a cook's helper and a dining room attendant.

Pursuant to SSR 00-4p, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . rather than the DOT information." It is clear from the record that the limitation for overhead reaching was considered and discussed by the VE and the ALJ. The VE specifically distinguished the position of warehouse

worker from those of cook/helper and dining room attendant because of overhead reaching. (Tr. 87) Later in the hearing the VE again made reference to the limitation on overhead reaching in describing the erosion of unskilled medium level work that would be available for Plaintiff. (Tr. 88) The ALJ correctly recognized the difference between the DOT description and the VE's testimony and asked a follow-up question to confirm the VE was relying on her professional experience. (Tr. 95) The VE did not consider this difference to be a true discrepancy because the DOT did not discuss all of the factors included in the ALJ's hypothetical, such as "minimal co-worker involvement." In accordance with SSR 00-4p, the ALJ inquired into the discrepancy between the DOT and the VE testimony on the record at the hearing and set forth her reason for concurring with the VE's testimony in her decision. In this regard, the ALJ did comply with the requirements of SSR 00-4p, and because her decision is based on substantial evidence in the record as a whole, the ALJ did not err in relying on the opinion of the VE in formulating her decision.

*D. Plaintiff's RFC Determination*

Plaintiff's final ground for relief is that the ALJ failed to properly derive his Residual Functioning Capacity ("RFC") determination as required by SSR 96-8p, 61 Fed. Reg. 34,474 (July 2, 1996). Specifically, Plaintiff argues that the RFC determination was not based upon substantial evidence, inasmuch as the ALJ dismissed the opinions of treating physicians Dr. Halfaker, Dr. Thies, and Dr. Paff and relied on the opinion of the examining physician, Dr. Anderson. Additionally, Plaintiff argues that the ALJ did not specifically set forth Plaintiff's physical and mental limitations and determine how those limitations affected the Plaintiff's RFC.

Here, the ALJ properly evaluated the medical evidence of record and gave more weight to the opinions of the medical providers which she determined were most consistent with the treatment

-8-

records, including the opinions of Dr. Rahman, Dr. Woodard, Dr. Paul, and Dr. Anderson. Although Dr. Anderson was not a treating physician, it is well within the ALJ's power to compare the opinion of a examining physician with opinions from a treating physician and resolve any conflicts. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Furthermore, as previously discussed, the ALJ determined that the opinions of Dr. Halfaker, Dr. Thies, and Dr. Paff were not entitled to substantial weight. Accordingly, the ALJ did not need to consider their opinions in formulating Plaintiffs's RFC.

Finally, the Court is satisfied that the ALJ's RFC determination accurately conveyed all of Plaintiff's alleged physical and mental limitations. The ALJ fully discussed and weighed the evidence in the record before formulating Plaintiff's RFC. Since the RFC determination is based on all the evidence in the record, *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000), it was not necessary for the ALJ to specifically set forth Plaintiff's physical and mental limitations in her RFC determination.

## IV. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby:

ORDERED that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE:       September 25, 2006         */s/ Richard E. Dorr*
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT